## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **LAMAR CONSOLIDATED INDEPENDENT SCHOOL DISTRICT,** | § § § § | |
| **Plaintiff,** | § § § | |
| **vs.** | § § | **C.A. NO. 4:20-CV-02353** |
| **J.T. b/n/f April S.,** | § § § | |
| **Defendant.** | § | |

## PLAINTIFF'S ANSWER TO
## DEFENDANTS' ORIGINAL COUNTERCLAIMS

Plaintiff Lamar Consolidated Independent School District (hereinafter LCISD or the District) files this Answer to Defendants' Original Counterclaims (Dkt. No. 12)[1] as follows:

### I. Introduction & Brief Review of Case

1.    LCISD denies the allegations set forth in paragraph 1 of Defendants' Original Counterclaims.

2.    LCISD denies the allegations set forth in paragraph 2 of Defendants' Original Counterclaims.

3.    LCISD denies the allegations set forth in paragraph 3 of Defendants' Original Counterclaims.

---

[1] LCISD's Answer to Defendant's Original Counterclaims is filed subject to its Rule 12(b)(6) Motion for Partial Dismissal. *See* Dkt. No. 15.

4.     LCISD admits the parent filed a request for due process hearing as alleged in paragraph 4 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to the subjective reasons the parent had for filing the request for hearing.

5.     LCISD admits the quoted language is found in the hearing decision as alleged in paragraph 5 of Defendants' Original Counterclaims, but denies any of the hearing officer's conclusions contrary to LCISD are correct.

6.     LCISD admits the allegations set forth in paragraph 6 of Defendants' Original Counterclaims.

7.     LCISD admits the allegations set forth in paragraph 7 of Defendants' Original Counterclaims.

8.     LCISD denies the allegations set forth in paragraph 8 of Defendants' Original Counterclaims.

9.     LCISD admits Counter-Plaintiffs are seeking relief as alleged in paragraph 9 of Defendants' Original Counterclaims, but denies they are entitled to any relief.

## II.  Jurisdiction

10.     LCISD admits jurisdiction is proper as set forth in paragraph 10 of Defendants' Original Counterclaims with the exception of any claims arising under the IDEA that were not exhausted in the administrative hearing.

## III.  Venue

11.     LCISD admits that venue is proper as set forth in paragraph 11 of Defendants' Original Counterclaims.

2

## IV.  The Parties

12.    LCISD admits the allegations set forth in paragraph 12 of Defendants' Original Counterclaims.

13.    LCISD admits the allegations set forth in paragraph 13 of Defendants' Original Counterclaims.

14.    LCISD admits the allegations set forth in paragraph 14 of Defendants' Original Counterclaims.

## V.  Statement of Facts

15.    LCISD admits the allegations set forth in paragraph 15 of Defendants' Original Counterclaims.

16.    LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of Defendants' Original Counterclaims.

17.    LCISD admits the allegations set forth in paragraph 17 of Defendants' Original Counterclaims.

18.    LCISD admits the allegations set forth in paragraph 18 of Defendants' Original Counterclaims.

19.    LCISD admits the allegations set forth in paragraph 19 of Defendants' Original Counterclaims.

20.    LCISD denies the allegations set forth in paragraph 20 of Defendants' Original Counterclaims.

21.    Paragraph 21 of Defendants' Original Counterclaims does not contain any factual allegations requiring admission or denial.

3

22.     LCISD denies the allegations set forth in paragraph 22 of Defendants' Original Counterclaims.

23.     LCISD admits the kick was reported as alleged in paragraph 23 of Defendants' Original Counterclaims, but denies it was reported on December 14, 2018.

24.     LCISD denies the allegations set forth in paragraph 24 of Defendants' Original Counterclaims.

25.     LCISD admits the allegations set forth in paragraph 25 of Defendants' Original Counterclaims.

26.     LCISD admits the parent testified about the call Thurston made to April S. as Thurston was leaving her meeting with the GRHS principal as alleged in paragraph 26 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to what Thurston's "primary concern" was during the call.

27.     LCISD admits the allegations set forth in paragraph 27 of Defendants' Original Counterclaims.

28.     LCISD denies the allegations set forth in paragraph 28 of Defendants' Original Counterclaims.

29.     LCISD admits the allegations set forth in paragraph 29 of Defendants' Original Counterclaims.

30.     LCISD admits the parent asked to view video recordings for November 29, 2018, as alleged in paragraph 30 of Defendants' Original Counterclaims, and further admits it was unable to access the video until after school resumed in January 2019.

4

31.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 31 of Defendants' Original Counterclaims.

32.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32 of Defendants' Original Counterclaims.

33.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 33 of Defendants' Original Counterclaims.

34.     LCISD admits that when confirmed the kick was immediately reported to Rosenberg Police Department as alleged in paragraph 34 of Defendants' Original Counterclaims.

35.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of Defendants' Original Counterclaims.

36.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36 of Defendants' Original Counterclaims.

37.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of Defendants' Original Counterclaims.

38.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 38 of Defendants' Original Counterclaims.

39.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in the first sentence of paragraph 39 of Defendants' Original Counterclaims. LCISD admits Jennings was present for a portion of one video, but denies the remaining factual allegations set forth in the second sentence of the same paragraph of Defendants' Original Counterclaims.

40.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 40 of Defendants' Original Counterclaims.

41.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 41 of Defendants' Original Counterclaims.

42.     LCISD denies the allegations set forth in paragraph 42 of Defendants' Original Counterclaims.

43.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 43 of Defendants' Original Counterclaims. LCISD is without knowledge or information sufficient to form a belief as to April S.'s subjective reasons for agreeing to the offer of homebound services made by LCISD's Director of Special Education as alleged in the last sentence of the same of paragraph of Defendants' Original Counterclaims.

44.     LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 44 of Defendants' Original Counterclaims.

45.     LCISD admits that at the suggestion of LCISD's Director of Special Education, that April S. agreed to an ARD meeting to consider homebound placement as alleged in paragraph 45 of Defendants' Original Counterclaims.

46.     LCISD admits the allegations set forth in paragraph 46 of Defendants' Original Counterclaims.

47.     LCISD denies the desks were set up for the purpose of viewing cartoons as alleged in paragraph 47 of Defendants' Original Counterclaims.

48.     LCISD admits J.T. is on the floor in front the large screen, but denies the remaining allegations set forth in paragraph 48 of Defendants' Original Counterclaims.

49.     LCISD denies the allegations set forth in paragraph 49 of Defendants' Original Counterclaims.

50.     LCISD denies the allegations set forth in paragraph 50 of Defendants' Original Counterclaims.

51.     LCISD denies the allegations set forth in paragraph 51 of Defendants' Original Counterclaims.

52.     LCISD denies the allegations set forth in paragraph 52 of Defendants' Original Counterclaims.

53.     LCISD denies April S. requested to view the videos from all the dates enumerated in paragraph 53 of Defendants' Original Counterclaims. LCISD is without knowledge or information sufficient to form a belief as to the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

54.     LCISD admits J.T. had not returned to campus as of January 23, 2019, but is without knowledge or information sufficient to form a belief as to the remaining factual allegations set forth in paragraph 54 of Defendants' Original Counterclaims.

55.     LCISD admits the parent observed the classroom and emailed administration as alleged in paragraph 55 of Defendants' Original Counterclaims. LCISD further admits that it reassured Ms. S. that the individual she saw would not be responsible for J.T.'s education and that J.T. then returned to GRHS.

56.     LCISD admits April S. made a CPS report on or about the date set forth in paragraph 56 of Defendants' Original Counterclaims.

57.     LCISD admits the allegations set forth in the first two sentences of paragraph 57 of Defendants' Original Counterclaims, but denies the factual allegations set forth in the third sentence of the same paragraph of Defendants' Original Counterclaims.

58.     LCISD admits the allegations set forth in paragraph 58 of Defendants' Original Counterclaims.

59.     LCISD admits April S. viewed the remaining videos on or about January 31, 2019, as alleged in paragraph 59 of Defendants' Original Counterclaims.

60.     LCISD admits J.T. knocks over his desk as alleged in paragraph 60 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

61.     LCISD admits the other students were removed from the room as a result of J.T.'s behavior as alleged in paragraph 61 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

62.     LCISD admits Thurston purposefully turned over furniture and told J.T. to pick it up as alleged in paragraph 62 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

63.     LCISD admits Thurston emptied bins onto the floor and required J.T. to pick it up as set forth in paragraph 63 of Defendants' Original Counterclaims, but denies the

remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

64.     LCISD admits Thurston repeatedly emptied bins onto the floor and required J.T. to pick it up as set forth in paragraph 64 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

65.     LCISD admits some LCISD staff came and went from the room as they performed their duties as alleged in paragraph 65 of Defendants' Original Counterclaims.

66.     LCISD admits no one asked Thurston to refrain from the behaviors they witnessed as alleged in paragraph 66 of Defendants' Original Counterclaims, but denies any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

67.     LCISD admits Thurston left J.T. in the room with a GRHS TA who implemented de-escalation strategies in an effort to calm J.T. as alleged in paragraph 67 of Defendants' Original Counterclaims.

68.     LCISD admits another bin is kicked over and J.T. is told to pick it up as alleged in paragraph 68 of Defendants' Original Counterclaims, but LCISD is without knowledge or information sufficient to form a belief as to whether it was purposefully kicked.

69.     LCISD denies the allegations set forth in paragraph 69 of Defendants' Original Counterclaims.

70.     LCISD admits no one asked Thurston to refrain from the behaviors they witnessed as alleged in paragraph 70 of Defendants' Original Counterclaims, but denies any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

71.     LCISD admits J.T. was throwing items around Kanu's classroom towards staff and students as alleged in paragraph 71 of Defendants' Original Counterclaims.

72.     LCISD denies the allegations set forth in paragraph 72 of Defendants' Original Counterclaims.

73.     LCISD admits Thurston entered the room quickly and told J.T. to pick up the items he threw as alleged in paragraph 73 of Defendants' Original Counterclaims, but denies any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

74.     LCISD admits Thurston actions towards J.T. were inappropriate as alleged in paragraph 74 of Defendants' Original Counterclaims, but denies that Defendants have accurately and correctly characterized all the actions.

75.     LCISD admits Thurston removed her lanyard and engaged in inappropriate actions towards J.T. as alleged in paragraph 75 of Defendants' Original Counterclaims, but denies that Defendants have accurately and correctly characterized all the actions.

76.     LCISD denies the allegations set forth in paragraph 76 of Defendants' Original Counterclaims.

77.     LCISD denies the allegations set forth in paragraph 77 of Defendants' Original Counterclaims.

78.    LCISD denies the allegations set forth in paragraph 78 of Defendants' Original Counterclaims.

79.    LCISD admits various staff members were present for portions of the event as alleged in paragraph 79 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

80.    LCISD admits no one asked Thurston to refrain from the behaviors they witnessed as alleged in paragraph 80 of Defendants' Original Counterclaims, but denies any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

81.    LCISD admits J.T. knocked over his desk as alleged in paragraph 81 of Defendants' Original Counterclaims, but denies Defendants have accurately and correctly characterized the action.

82.    LCISD denies the allegations set forth in paragraph 82 of Defendants' Original Counterclaims.

83.    LCISD denies the allegations set forth in paragraph 83 of Defendants' Original Counterclaims.

84.    LCISD admits other staff members were in the room when this action occurred as alleged in paragraph 84 of Defendants' Original Counterclaims, but denies those staff members saw all the events described.

85.    LCISD admits no one asked Thurston to refrain from the behaviors they witnessed as alleged in paragraph 85 of Defendants' Original Counterclaims, but denies

any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

86.    LCISD denies the allegations set forth in paragraph 86 of Defendants' Original Counterclaims.

87.    LCISD admits it reported the kick to the parent immediately upon confirming the report as alleged in paragraph 87 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaim.

88.    LCISD denies the allegations set forth in paragraph 88 of Defendants' Original Counterclaims.

89.    LCISD denies the allegations set forth in paragraph 89 of Defendants' Original Counterclaims.

90.    LCISD admits J.T. remained on homebound services for the remainder of the semester as alleged in paragraph 90 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to April S.'s subjective reasons.

91.    LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 91 of Defendants' Original Counterclaims.

92.    LCISD admits the CPS report reached the conclusion set forth in paragraph 92 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events, *e.g.*, the student did not hit his head during any of the events.

93.     LCISD admits the CPS report contains the enumerated language as alleged in paragraph 93 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events, *e.g.*, the student did not hit his head during any of the events.

94.     LCISD admits the CPS report contains the enumerated language as alleged in paragraph 94 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

95.     LCISD admits the CPS report contains some of the enumerated language as alleged in paragraph 95 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

96.     LCISD admits the CPS report notes some concerns as alleged in paragraph 96 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

97.     LCISD admits the CPS report notes certain actions and parent report as alleged in paragraph 97 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

98.     LCISD admits the CPS report contains the quoted language as alleged in paragraph 98 of Defendants' Original Counterclaims, but denies CPS accurately and

13

correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

99.     LCISD admits the CPS report contains the quoted language as alleged in paragraph 99 of Defendants' Original Counterclaims, but denies Counter-Plaintiffs have accurately and correctly interpreted the language.

100.    LCISD admits the CPS report identifies the enumerated individuals as having witnessed and failed to intervene as alleged in paragraph 100 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized the events in the videos, or as a result, reached the correct conclusions. LCISD denies that the CPS report concluded there were any concerns about individuals with continued access to J.T. as alleged in the last sentence of the same paragraph of Defendants' Original Counterclaim.

101.    LCISD admits the CPS report contains the statements alleged in paragraph 101 of Defendants' Original Counterclaims, but denies CPS accurately and correctly assessed and characterized all the events in the videos, or as a result, reached the correct conclusions.

102.    LCISD is without knowledge or information sufficient to form a belief as to the factual allegations set forth in paragraph 102 of Defendants' Original Counterclaims, but admits J.T. returned to school part-time in the fall of 2019.

103.    LCISD admits J.T. received a portion of his education at the GRHS campus as alleged in paragraph 103 of Defendants' Original Counterclaims.

104.   LCISD admits the parent met with GRHS administration regarding J.T. prior to the start of the school year as alleged in the first sentence of paragraph 104 of Defendants' Original Counterclaims. LCISD is without knowledge or information sufficient to form a belief as to the remaining factual allegations in the same paragraph of Defendant's Original Counterclaim.

105.   LCISD denies the allegations set forth in paragraph 105 of Defendants' Original Counterclaims.

106.   LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 106 of Defendants' Original Counterclaims.

107.   LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 107 of Defendants' Original Counterclaims.

108.   LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 108 of Defendants' Original Counterclaims.

109.   LCISD denies the allegations set forth in paragraph 109 of Defendants' Original Counterclaims.

110.   LCISD admits the allegations set forth in paragraph 110 of Defendants' Original Counterclaims, but denies Ramos worked long term in the classroom.

111.   LCISD is without knowledge or information sufficient to form a belief as to what Ramos told April S. as alleged in paragraph 111 of Defendants' Original Counterclaims.

112.    LCISD admits J.T. did not return to campus after the due process hearing began as alleged in paragraph 112 of Defendants' Original Counterclaims, but denies it was related to safety concerns.

113.    LCISD admits the substitute paraprofessional, who was only at GRHS with Thurston in December 2018, testified as to the bulleted items as alleged in paragraph 113 of Defendants' Original Counterclaims, but denies Ramos should have been permitted to testify as a rebuttal witness, and further denies his testimony accurately recounted the events or was relevant to the issues raise in the administrative hearing.

114.    LCISD is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 114 of Defendants' Original Counterclaims.

115.    LCISD admits the allegations set forth in paragraph 115 of Defendants' Original Counterclaims.

116.    LCISD admits the hearing officer ordered certain relief as set forth in paragraph 116 of Defendants' Original Counterclaims, but denies it has refused to comply with the orders. To the contrary, LCISD has worked with April S. in a highly coordinated and collaborative manner to ensure the relief ordered by the hearing officer has been timely and appropriately implemented.

117.    LCISD admits the hearing officer wrongly permitted a witness to testify as alleged in paragraph 117 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph.

118.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 118 of Defendants' Original Counterclaims.

119.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 119 of Defendants' Original Counterclaims.

120.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 120 of Defendants' Original Counterclaims.

121.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 121 of Defendants' Original Counterclaims.

122.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 122 of Defendants' Original Counterclaims.

123.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 123 of Defendants' Original Counterclaims.

124.    LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 124 of Defendants' Original Counterclaims.

125.   LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 125 of Defendants' Original Counterclaims.

126.   LCISD denies April S. offered any evidence during the administrative proceeding supporting the allegations set forth in paragraph 126 of Defendants' Original Counterclaims.

## VI.  Facts Related to Attorneys' Fees and Costs

127.   LCISD incorporates by reference its admissions/denials to all of the above-related and below-related paragraphs with the same force and effect as if herein set forth.

128.   LCISD admits Counter-Plaintiffs' were represented, in part, by Samuel Wesley in the underlying administrative hearing as alleged in paragraph 128 of Defendants' Original Counterclaims. LCISD further admits Counter-Plaintiffs attached an affidavit of Mr. Wesley to the Counterclaim. LCISD is without knowledge or information sufficient to form a belief as to any remaining factual allegations set forth in the same paragraph of Defendants' Original Counterclaims.

129.   LCISD admits Counter-Plaintiffs' allege they incurred fees and expenses as set forth in paragraph 129 of Defendants' Original Counterclaim, but denies Counter-Plaintiffs' are entitled to an award of any attorney's fees. LCISD is without knowledge or information sufficient to form a belief as to whether the fees are reasonable and necessary as alleged in the same paragraph of Defendants' Original Counterclaim.

130.   LCISD admits that Mr. Wesley and Mr. Williamson represented Counter-Plaintiffs in the underlying administrative hearing as alleged in paragraph 130 of

Defendants' Original Counterclaims, but LCISD is without knowledge or information sufficient to form a belief as to whether the remaining individuals represented Counter-Plaintiffs.

131.    LCISD admits the allegations set forth in paragraph 131 of Defendants' Original Counterclaims.

132.    LCISD admits Counter-Plaintiffs allege they have incurred fees/expenses as set forth in paragraph 132 of Defendants' Original Counterclaims, but denies those fees are recoverable or were necessary.

133.    LCISD admits Counter-Plaintiffs allege they incurred attorneys' fees as set forth in paragraph 133 of Defendants' Original Counterclaims, but denies the fees are recoverable.

134.    LCISD admits Counter-Plaintiffs allege they incurred expenses as set forth in paragraph 134 of Defendants' Original Counterclaims, but denies the expenses are recoverable.

135.    LCISD admits Counter-Plaintiffs are seeking recovery of the attorneys' fees and expenses as set forth in paragraph 135 of Defendants' Original Counterclaims, but denies the attorneys' fees and expenses are recoverable because they were incurred subsequent to an offer of settlement that was more favorable to the parent than the relief awarded by the hearing officer.

136.    LCISD is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of Defendants' Original Counterclaims.

137.   LCISD admits Mr. Wesley made a demand for attorneys' fees as set forth in paragraph 137 of Defendants' Original Counterclaims, but LCISD denies the remaining factual allegations set forth in the same paragraph.

138.   LCISD admits Mr. Wesley made a second demand for attorneys' fees as set forth in paragraph 138 of Defendants' Original Counterclaims, but LCISD denies the remaining factual allegations set forth in the same paragraph.

139.   LCISD admits it denied Mr. Wesley's demands as set forth in paragraph 139 of Defendants' Original Counterclaims.

140.   LCISD admits Mr. Wesley is a licensed attorney in the State of Texas as alleged in paragraph 140 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to Mr. Wesley's prior experience or employment.

141.   LCISD admits Mr. Wesley is charging a $215 hourly rate as set forth in paragraph 141 of Defendants' Original Counterclaims, but denies the attorneys' fees are reasonable or recoverable.

142.   LCISD admits Mr. Wesley claims to have worked a specified number of hours as set forth in paragraph 142 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to the accuracy of the number.

143.   LCISD admits Mr. Williamson is a licensed attorney in the State of Texas as alleged in paragraph 143 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to Mr. Williamson's prior experience or employment.

144.   LCISD admits Mr. Williamson is charging a $250 hourly rate as set forth in paragraph 144 of Defendants' Original Counterclaims, but denies the attorneys' fees are reasonable or recoverable.

145.   LCISD admits Mr. Williamson claims to have worked a specified number of hours as set forth in paragraph 145 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to the accuracy of the number.

146.   LCISD admits Mr. Wallace is a licensed attorney in the State of Texas as alleged in paragraph 146 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to Mr. Wallace's prior experience or employment.

147.   LCISD admits Mr. Wallace is charging a $215 hourly rate as set forth in paragraph 147 of Defendants' Original Counterclaims, but denies the attorneys' fees are reasonable or recoverable.

148.   LCISD admits Mr. Wallace claims to have worked a specified number of hours as set forth in paragraph 148 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to the accuracy of the number.

149.   LCISD admits the allegations set forth in paragraph 149 of Defendants' Original Counterclaims.

150.   LCISD admits Mr. Ludovice is charging a $215 hourly rate as set forth in paragraph 150 of Defendants' Original Counterclaims, but denies the attorneys' fees are reasonable or recoverable.

151.    LCISD admits Mr. Ludovice's claims to have worked a specified number of hours as set forth in paragraph 151 of Defendants' Original Counterclaims, but is without knowledge or information sufficient to form a belief as to the accuracy of the number.

152.    Paragraph 152 of Defendants' Original Counterclaims does not contain factual allegations requiring admission or denial.

153.    LCISD admits the allegations set forth in paragraph 153 of Defendants' Original Counterclaims.

154.    LCISD is without knowledge or information sufficient to form a belief as to the reasonableness of the hours as set forth in paragraph 154 of Defendants' Original Counterclaims. LCISD further denies that Counter-Plaintiffs are entitled to a recovery of attorneys' fees/ costs.

155.    LCISD admits the hearing officer provided for certain relief as set forth in paragraph 155 of Defendants' Original Counterclaims, but denies the relief is supported by the evidence or appropriate under the IDEA. LCISD further denies that Counter-Plaintiffs are entitled to a recovery of attorneys' fees/ costs.

156.    LCISD is without knowledge or information sufficient to form a belief as to the extent of the activities Mr. Wesley engaged in as set forth in paragraph 156 of Defendants' Original Counterclaims.

157.    LCISD is without knowledge or information sufficient to form a belief as to the extent of the activities Mr. Williamson engaged in as set forth in paragraph 157 of Defendants' Original Counterclaims.

158. LCISD is without knowledge or information sufficient to form a belief as to the extent of the activities Mr. Wallace engaged in as set forth in paragraph 158 of Defendants' Original Counterclaims.

159. LCISD is without knowledge or information sufficient to form a belief as to the extent of the activities Mr. Ludovice engaged in as set forth in paragraph 159 of Defendants' Original Counterclaims.

160. LCISD admits the parties filed various briefs after the administrative hearing as set forth in paragraph 160 of Defendants' Original Counterclaims.

161. LCISD admits it refused to pay attorneys' fees as alleged in paragraph 161 of Defendants' Original Counterclaims, but denies the remaining factual allegations set forth in the same paragraph.

162. LCISD denies the allegations set forth in paragraph 162 of Defendants' Original Counterclaims.

163. LCISD denies Counter-Plaintiffs are entitled to interest and fees as alleged in paragraph 163 of Defendants' Original Counterclaims.

**VII.  Claims Related to Section 504 of the Rehabilitation Act of 1973**

164. LCISD incorporates by reference all the above-related and below-related paragraphs with the same force and effect as if herein set forth.

165. LCISD admits the allegations set forth in paragraph 165 of Defendants' Original Counterclaims.

166. Paragraph 166 of Defendants' Original Counterclaims does not contain factual allegations requiring admission or denial.

23

167.    LCISD is without information or knowledge sufficient to form a belief as to whether J.T. is "like" the students described in the U.S. Department of Health and Human Service's publication as set forth in paragraph 167 of Defendants' Original Counterclaims.

168.    LCISD denies the allegations set forth in paragraph 168 of Defendants' Original Counterclaims.

169.    LCISD denies the allegations set forth in paragraph 169 of Defendants' Original Counterclaims.

170.    LCISD denies the allegations set forth in paragraph 170 of Defendants' Original Counterclaims.

171.    LCISD denies the allegations set forth in paragraph 171 of Defendants' Original Counterclaims.

172.    LCISD denies the allegations set forth in paragraph 172 of Defendants' Original Counterclaims.

173.    LCISD denies the allegations set forth in paragraph 173 of Defendants' Original Counterclaims.

174.    LCISD denies the allegations set forth in paragraph 174 of Defendants' Original Counterclaims.

175.    LCISD denies the allegations set forth in paragraph 175 of Defendants' Original Counterclaims.

176.    LCISD denies the allegations set forth in paragraph 176 of Defendants' Original Counterclaims.

177.   LCISD denies the allegations set forth in paragraph 177 of Defendants' Original Counterclaims.

178.   LCISD denies the allegations set forth in paragraph 178 of Defendants' Original Counterclaims.

179.   LCISD denies the allegations set forth in paragraph 179 of Defendants' Original Counterclaims.

180.   LCISD denies the allegations set forth in paragraph 180 of Defendants' Original Counterclaims.

## VIII. Claims Related to the Americans with Disabilities Act

181.   LCISD incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

182.   LCISD denies the allegations set forth in paragraph 182 of Defendants' Original Counterclaims.

183.   LCISD admits the allegations set forth in paragraph 183 of Defendants' Original Counterclaims.

184.   LCISD admits the allegations set forth in paragraph 184 of Defendants' Original Counterclaims.

185.   LCISD admits the allegations set forth in paragraph 185 of Defendants' Original Counterclaims.

186.   LCISD denies the allegations set forth in paragraph 186 of Defendants' Original Counterclaims.

187.    LCISD is without information or knowledge sufficient to form a belief as to whether J.T. is "like" the students described in the U.S. Department of Health and Human Service's publication as set forth in paragraph 187 of Defendants' Original Counterclaims.

188.    LCISD denies the allegations set forth in paragraph 188 of Defendants' Original Counterclaims.

189.    LCISD denies the allegations set forth in paragraph 189 of Defendants' Original Counterclaims.

190.    LCISD denies the allegations set forth in paragraph 190 of Defendants' Original Counterclaims.

191.    LCISD denies the allegations set forth in paragraph 191 of Defendants' Original Counterclaims.

## IX.  Claims Pursuant to and in Relation with the Equal Protection Clause of the Fourteenth Amendment

192.    LCISD incorporates by reference all the above-related and below-related paragraphs with the same force and effect as if herein set forth fully.

193.    LCISD denies the allegations set forth in paragraph 193 of Defendants' Original Counterclaims.

194.    LCISD denies the allegations set forth in paragraph 194 of Defendants' Original Counterclaims.

195.    LCISD denies the allegations set forth in paragraph 195 of Defendants' Original Counterclaims.

196.    LCISD denies the allegations set forth in paragraph 196 of Defendants' Original Counterclaims.

197.    LCISD denies the allegations set forth in paragraph 197 of Defendants' Original Counterclaims.

198.    LCISD denies the allegations set forth in paragraph 198 of Defendants' Original Counterclaims.

199.    LCISD denies the allegations set forth in paragraph 199 of Defendants' Original Counterclaims.

200.    LCISD denies the allegations set forth in paragraph 200 of Defendants' Original Counterclaims.

201.    LCISD denies the allegations set forth in paragraph 201 of Defendants' Original Counterclaims.

202.    LCISD denies the allegations set forth in paragraph 202 of Defendants' Original Counterclaims.

203.    LCISD denies the allegations set forth in paragraph 203 of Defendants' Original Counterclaims.

204.    LCISD denies the allegations set forth in paragraph 204 of Defendants' Original Counterclaims.

205.    Paragraph 205 of Defendants' Original Counterclaims does not contain factual allegations requiring admission or denial.

206.    LCISD denies the allegations set forth in paragraph 206 of Defendants' Original Counterclaims.

## X. April S.'s Individual Claims Against LCISD

207.   LCISD incorporates by reference all the above-related and below-related paragraphs with the same force and effect as if herein set forth fully.

208.   LCISD denies the allegations set forth in paragraph 208 of Defendants' Original Counterclaims.

209.   LCISD denies the allegations set forth in paragraph 209 of Defendants' Original Counterclaims.

210.   LCISD admits April S. is asserting "derivative claims" against LCISD as set forth in paragraph 210 of Defendants' Original Counterclaims, but denies April S. has a viable claim against LCISD or that April S. is entitled to any relief.

## XI. Claim for Attorneys' Fees Incurred for Due Process Hearing

211.   LCISD incorporates by reference all the above-related and below-related paragraphs with the same force and effect as if herein set forth fully.

212.   LCISD denies Counter-Plaintiffs have a right to recover fees as set forth in paragraph 212 of Defendants' Original Counterclaims.

213.   LCISD denies Counter-Plaintiffs are entitled to interest on fees as set forth in paragraph 213 of Defendants' Original Counterclaims.

## XII. Ratification

214.   LCISD incorporates by reference all the above-related, as well as those below, with the same force and effect as if herein set forth.

215.   LCISD denies the allegations set forth in paragraph 215 of Defendants' Original Counterclaims.

216.    LCISD denies the allegations set forth in paragraph 216 of Defendants'
Original Counterclaims, and further denies a "LCISD Police Department" exists.

217.    LCISD denies the allegations set forth in paragraph 217 of Defendants'
Original Counterclaims, and further denies a "LCISD Police Department" exists.

218.    LCISD denies the allegations set forth in paragraph 218 of Defendants'
Original Counterclaims.

## XIII.  Proximate Cause

219.    LCISD incorporates by reference all the above related paragraphs, as well as
those below, with the same force and effect as if herein set forth.

220.    LCISD denies the allegations set forth in paragraph 220 of Defendants'
Original Counterclaims.

## XIV.  Spoliation

221.    Paragraph 221 of Defendants' Original Counterclaims does not contain
factual allegations requiring admission or denial.

222.    Paragraph 222 of Defendants' Original Counterclaims does not contain
factual allegations requiring admission or denial.

## XV.  Damages

223.    LCISD incorporates by reference all the above-related paragraphs with the
same force and effect as if herein set forth.

224.    LCISD denies Counter-Plaintiffs have suffered any compensable injuries or
damages as set forth in paragraph 224, subparagraphs a-h of Defendants' Original
Counterclaims.

### XVI.  Punitive Damages

225.    LCISD incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

226.    LCISD denies the allegations set forth in paragraph 226 of Defendants' Original Counterclaims.

### XVII.  Attorneys' Fees

227.    LCISD incorporates by reference all the above-related paragraphs with the same force and effect as fully set forth herein.

228.    LCISD denies the allegations set forth in paragraph 228 of Defendants' Original Counterclaims.

### XVIII.  Demand for Jury Trial

229.    Paragraph 229 of Defendants' Original Counterclaims does not contain factual allegations requiring admission or denial.

### XIX.  Prayer

230.    LCISD denies Counter-Plaintiffs are entitled to any relief as set forth in paragraph 230 of Defendants' Original Counterclaims.

### AFFIRMATIVE DEFENSES

LCISD asserts the following affirmative defenses to the claims in Counter-Plaintiffs' Original Counterclaim:

1.      Some or all of Counter-Plaintiffs' claims are barred by limitations.

2.      Counter-Plaintiffs have failed to state a claim upon which relief may be granted.

3.      Some or all of Counter-Plaintiffs' claims are barred because Counter-Plaintiffs have failed to exhaust their administrative remedies.

4.      Counter-Plaintiffs' claims for attorney's fees in the administrative hearing are barred by the Offer of Settlement they rejected in March 2019.

## PRAYER

For these reasons, LCISD asks the Court to enter judgment that Counter-Plaintiffs are not a prevailing party entitled to an award of attorney's fees and take nothing, to dismiss Plaintiffs' counterclaims with prejudice, and to award LCISD any further relief to which it may be justly entitled.

Respectfully submitted,

ROGERS, MORRIS & GROVER, L.L.P.

_____
AMY C. TUCKER
State Bar No. 24042068
Fed. I.D. No. 36798
Email:  atucker@rmgllp.com
JONATHAN G. BRUSH
State Bar No. 619970
Fed. I.D. No. 24045576
Email:  jbrush@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas  77057
Telephone:    713/960-6000
Facsimile:     713/960-6025

ATTORNEYS FOR PLAINTIFF

31

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Holly G. Terrell
*(Via Email: hollyterrelllaw@gmail.com)*

Counsel for Plaintiff